a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DAVID RONMEL STEPHENS, Plaintiff | CIVIL ACTION NO. 1:17-CV-575-P |
| VERSUS | CHIEF JUDGE DRELL |
| UNITED STATES OF AMERICA, Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Pro se Plaintiff Daniel Ronmel Stephens ("Stephens") (#34547-183) filed suit under Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics.[1] Stephens was granted leave to proceed *in forma pauperis*. (Doc. 4). Stephens is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the United States Penitentiary in Pollock, Louisiana. Stephens complains he was held in the special housing unit ("SHU") for a disciplinary charge that he did not commit. Stephens names the United States as the only defendant.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

I.  Background

Stephens alleges that drugs were found in the locker belonging to his cellmate. (Doc. 1, p. 3). Stephens and the cellmate were escorted to the SHU pending an investigation. (Doc. 1, p. 3). Seven days later, Stephens's cellmate was released from the SHU. Stephens remained in the SHU for an additional seven days. (Doc. 1, p. 3). After a disciplinary hearing, the incident report was expunged, and Stephens was released from the SHU. (Doc. 1-2, p. 2).

II.  Law and Analysis

 A.  Stephens's complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Stephens is an inmate who has been allowed to proceed *in forma pauperis*. (Doc. 8). As a prisoner seeking redress from an officer or employee of a governmental entity, Stephens's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, Stephens's complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to

plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

    B.    Stephens cannot state a claim against the United States.

Stephens names the United States as the defendant. "If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a Bivens claim against the offending individual officer, subject to the defense of qualified immunity. The prisoner may not bring a Bivens claim against the officer's employer, the United States, or the BOP." Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 72 (2001). Therefore, Stephens's Bivens claim against the United States must fail.

    C.    Stephens cannot state a constitutional claim regarding his confinement in the SHU.

Even if Stephens had named a proper defendant for his Bivens claim, his complaint would be subject to dismissal. To establish a due process violation, a plaintiff must show that he was deprived of a liberty interest protected by the Constitution or other federal law. See Sandin v. Conner, 515 U.S. 472, 483–84 (1995).[2] A prisoner's constitutionally protected liberty interests are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484 (internal citations omitted).

---

[2] While Sandin addressed state-created liberty interests under the Fourteenth Amendment, its reasoning applies equally to Fifth Amendment due process claims brought by federal prisoners pursuant to Bivens. See Crowder v. True, 74 F.3d 812, 814–15 (7th Cir. 1996).

Administrative segregation, without more, does not constitute a deprivation of a constitutionally cognizable liberty interest. See Sandin, 515 U.S. at 485–86 (finding no liberty interest protecting against a 30–day period of disciplinary segregation). Although the Fifth Circuit has found that segregated confinement may be sufficiently "atypical" to implicate a due process liberty interest when a plaintiff was kept on lockdown status for 30 years, see Wilkerson v. Stalder, 329 F.3d 431, 436 (5th Cir. 2003), Stephens has not alleged such extraordinary circumstances from his brief placement in the SHU during the pendency of his disciplinary proceedings. See also, Bevill v. Epps, No. 3:12-CV-537, 2014 WL 1050439, at *3 (S.D. Miss. Mar. 14, 2014) (being housed in administrative segregation for 23 days pending an investigation does not impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life") (citing Sandin, 515 U.S. at 484). In fact, the Fifth Circuit has held that, as a general rule, only sanctions resulting in the loss of good time credits—or which otherwise directly and adversely affect the date of release—will implicate a constitutionally protected liberty interest. See Orellana v. Kyle, 65 F.3d 29, 31–32 (5th Cir. 1995).

Stephens's placement in the SHU for 14 days does not implicate a liberty interest protected by the Constitution.

### III. Conclusion

For the forgoing reasons, **IT IS RECOMMENDED** that Stephens's complaint be **DENIED** and **DISMISSED** with prejudice under § 1915(e)(2)(b) and § 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this \_\_24th\_\_ day of May, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge